IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| AMY VULK,<br><br>    Plaintiff,<br><br>vs.<br><br>NEVADA RESTAURANT<br>SERVICES, INC.,<br><br>    Defendant. | CV 23-38-H-BMM-KLD<br><br><br>FINDINGS AND<br>RECOMMENDATIONS |

On June 6, 2023, Defendant Nevada Restaurant Services, Inc. ("NRSI") removed this wrongful discharge action from the First Judicial District Court, Lewis and Clark County, Montana, based on diversity jurisdiction pursuant to 28 U.S.C. § 1441 and § 1446. (Doc. 1). The Court has diversity jurisdiction over a matter when the plaintiff and the defendant are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1).

During the preliminary pretrial conference on August 8, 2023, the Court sua sponte raised the issue of whether the amount in controversy is sufficient to provide the Court with subject matter jurisdiction.[1] Having reviewed the record,

---

[1] There is no dispute that the parties are diverse because NRSI is a citizen of the state of Nevada and Vulk is a citizen of the state of Montana. (Doc. 1 at 2).

1

the Court concludes for the reasons set forth below that subject matter jurisdiction is lacking and this matter should be remanded to state court.

## I.    Background

On April 26, 2023, Vulk filed the underlying state court action against her former employer, NRSI, asserting claims for wrongful discharge under Montana's Wrongful Discharge from Employment Act ("WDEA"), Mont. Code Ann. §§ 39-2-901 et seq. (Doc. 1-2 at 3-6). Vulk's state court complaint seeks a money judgment for "damages to be established at trial." (Doc. 1-2 at 4).

Under Montana law, damages in a wrongful discharge action are limited by statute to lost wages and fringe benefits for a period not to exceed four years from the date of discharge, together with interest. Mont. Code Ann. § 39–2–905(1). The WDEA requires that interim earnings, including amounts the employee could have earned with reasonable diligence, be deducted from the amount awarded for lost wages. Mont. Code Ann. § 39–2–905(1).

In its notice of removal, NRSI asserts that Vulk worked on an hourly basis as a bartender, and was also paid tips. (Doc. 1 at 3). It states that effective January 8, 2023, Vulk's average weekly earnings were $449.16, resulting in an annualized income of $23,356.06. (Doc. 1 at 3). Assuming Vulk seeks four years of backpay as permitted under the WDEA, NRSI submits that her asserted damages could equal up to $93,424.24, exclusive of interest and lost fringe benefits. (Doc. 1 at 3).

To support these factual assertions as to the amount in controversy, NRSI has provided sworn declaration from its attorney of record in this matter (Doc. 1-1) and NRSI Manager Richard Swan (Doc. 1-3).

The day after NRSI filed its notice of removal, the Court issued a preliminary pretrial conference order establishing a deadline for the parties to file their preliminary pretrial statements, joint discovery plan, and statement of stipulated facts. (Doc. 3). Rule 16 of the Local Rule of Procedure for the District of Montana provides that a preliminary pretrial statement must include, among other items, "a computation of damages." L.R. 16.2(b)(1)(E).

As directed by the Court, Vulk filed her preliminary pretrial statement on July 25, 2023. (Doc. 5). In the section addressing Computation of Damages, Vulk states that from the time she was terminated on January 27, 2023 until she began new employment on May 24, 2023, she suffered approximately $14,070.90 in lost wages, including tips. (Doc. 5 at 7). Vulk explains that since beginning her new job, she is making less each week than she did while working for NRSI. (Doc. 5 at 8). Taking mitigation into account, Vulk projects that by January 27, 2027, which marks four years from the date of her discharge, she will have suffered an additional $32,204 in lost wages. (Doc. 5 at 8). Vulk therefore states that her "estimated wage loss is $32,204 + $14,071 = $46,275." (Doc. 5 at 8).

//

## II.     Discussion

The Court has a sua sponte obligation to consider whether it has subject matter jurisdiction. See *Allstate Ins. Co. v Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004) (citing *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999)). If at any time before judgment is appears that the district court lacks subject matter jurisdiction over a case removed from state court, the case must be remanded. 28 U.S.C. § 1447(c).

The amount in controversy is assessed at the time of removal, meaning that the court considers "damages that are claimed at the time the case is removed by the defendant." *Chavez v. JPMorgan Chase Co.*, 888 F.3d 413, 417 (9th Cir. 2018). "[T]he amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails." *Chavez*, 888 F.3d at 418. If the amount in controversy requirement is satisfied at the time of removal, "any subsequent amendment to the complaint or partial dismissal that decreases the amount in controversy below the jurisdictional threshold does not oust the federal court of jurisdiction." *Chavez*, 888 F.3d at 417.

Based solely on the allegations in Vulk's complaint, NRSI plausibly asserted in its notice of removal that the amount in controversy exceeds $75,000. As clarified in her preliminary pretrial statement, however, Vulk is claiming only $46,275 in lost wage damages. This computation of damages does not decrease the

4

amount in controversy, but rather clarifies that her estimated alleged damages at the time of removal were far less than the $75,000 jurisdictional threshold.

The Court is mindful of the general rule that a potential affirmative defense, such as failure to mitigate damages, does not reduce the amount in controversy for purposes of establishing federal subject matter jurisdiction. See *Jackson v. Compass Group USA, Inc.*, 2019 WL 3493991, at *4 (C.D. Cal. July 31, 2019) (citing *Perez v. Alta-Dena Certified Dairy, LLC*, 647 F.App'x 682, 684 (9th Cir. 2016)). But here, it is the plaintiff who accounts for mitigation of damages in her computation of the damages she is seeking to recover. Because it is clear based on the materials of record that the amount in controversy is less than $75,000, subject matter jurisdiction is lacking and this matter is properly remanded to state court.

## IV.   Conclusion

Accordingly, and for the reasons stated above,

IT IS RECOMMENDED that this case be remanded to the First Judicial District Court, Lewis and Clark County, Montana, based on lack of subject matter jurisdiction.

NOW, THEREFORE, IT IS ORDERED that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies

served on opposing counsel within fourteen (14) days after service hereof, or

objection is waived.

DATED this 16th day of August, 2023.

_____
Kathleen L. DeSoto
United States Magistrate Judge